GREMILLION, Judge,
concurs in part, dissents in part and assigns written reasons.
|,I agree with the majority’s conclusions regarding the substance of this case. That is, I see no manifest error in the workers’ compensation court’s determination that there was no violation of La. R.S. 23:1208.1. However, I also see no arbitrary or capricious handling of this matter by the employer. Thus, I concur in part, and I dissent in part.
It was a stipulated fact that the employee, Mr. Taylor, neglected to advise his employer of a prior accident which resulted in a prior surgery to his low back. Though there may be some medical distinctions, the fact is that the current injury with which Mr. Taylor suffers also afflicts his low back. It is also stipulated that the employer’s application to the Second Injury Fund was denied because the records did not disclose Mr. Taylor’s previous medical history. I do not think the employer acted arbitrarily or capriciously in arguing that it has been prejudiced as a result of its employee’s failure to report. Thus, I would reverse the $8,000.00 in penalties and the $8,500.00 in attorney fees awarded to the plaintiff based on the trial court’s holding that the defendant was arbitrary and capricious in the termination of its benefits.